CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 OCT 19 PM 3: 01
DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| KIRT ALLEN ESTHAY,<br>Institutional ID No. 1919078,<br><br>Plaintiff,<br><br>v.<br><br>FIVEASH, *et al.*,<br><br>Defendants. | § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO.<br>6:15-CV-011-BL<br><br><br><br>Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Kirt Esthay ("Esthay"), proceeding *pro se* and *in forma pauperis*, filed his complaint under 42 U.S.C. § 1983, on March 10, 2015. (Doc. 1). His case was assigned to the United States Magistrate Judge on August 18, 2015. (Doc. 23). On September 24, 2015, the Court ordered an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). (Doc. 30). Esthay testified at the *Spears* hearing on October 15, 2015. (Doc. 33). The Court now considers all filings made by Esthay and his testimony at the *Spears* hearing in making this determination. Esthay has not consented to trial by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Esthay is currently incarcerated for aggravated assault in the Texas Department of Criminal Justice's ("TDCJ") Stiles Unit in Beaumont, Texas. Although loosely alleged, Esthay's current incarceration is not related to his claims in this case.

1

## I. BACKGROUND

Esthay claims that he was unlawfully arrested on July 9, 2012, by Deputy William Fiveash ("Fiveash") of the Tom Green County Sheriff's Office. Esthay recalls that he was sleeping in his truck, a blue or purple GMC Sonoma, on the side of Highway 87 near San Angelo, Texas. Esthay claims that Fiveash approached his vehicle, which did not have the keys in the ignition, and ultimately arrested him for driving while intoxicated ("DWI"). Esthay admitted in the *Spears* hearing that he was intoxicated when Fiveash found him, but that he had not been operating his truck subsequent to becoming intoxicated.[1] Instead, Esthay claims that he was unable to find his friend's house, so he pulled to the side of the road and began drinking. Esthay did confirm that there was an empty Coors Original beer box outside of his truck door and an open Coors Original beer can near his feet in the truck.

Esthay complains that Fiveash had no probable cause to arrest him despite having received a citizen complaint of erratic driving in the area by someone in a red or maroon Ford F150. The citizen apparently relayed that the erratic, possibly intoxicated, driver had crossed the median of Highway 87 and spun to a stop near where Esthay's vehicle was located. Esthay insists that his vehicle, a purple mid-size Sonoma, should not have been mistaken for the erratic driver in a maroon, full-size F150. Also, Esthay contends that the erratic driver's location was not the location where he was contacted. At the *Spears* hearing, Esthay disavowed the reasonableness of Fiveash's actions regarding the traffic contact and arrest.

---

[1] In Texas, DWI requires that a person be intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04 (West 2011).

Esthay was jailed on a felony DWI charge at the Tom Green County Jail.[2] A grand jury returned a true bill in Esthay's case, indicating that enough probable cause existed to proceed to trial.[3]

Esthay stood trial for DWI on April 15, 2013, and was subsequently acquitted of this charge. Esthay now claims that, as a result of the nine months that he spent in jail, he lost his truck, job, home, and family. At the *Spears* hearing, Esthay explained that he left jail with only borrowed clothes on this back. Esthay subsequently committed an aggravated assault in Concho County, Texas on August 24, 2013. Esthay was convicted and sentenced to 25 years imprisonment for that offense. Esthay claims that this aggravated assault was precipitated by the unlawful arrest and malicious prosecution that he suffered in Tom Green County four months earlier. He explains that his "demise" was due to him losing everything during his incarceration for the DWI. Moreover, Esthay claims that, if he had not been arrested for DWI, he would not have remained in Tom Green County and he would not have committed the aggravated assault.

Accordingly, Esthay seeks "monetary damages" from Deputy Fiveash, Tom Green County Sheriff David Jones, Tom Green County District Attorney Allison Palmer, and Tom Green County Assistant District Attorney Leland Lacy for their involvement with the DWI arrest and prosecution.

## II. LEGAL STANDARD

In both *in forma pauperis* proceedings and civil actions brought by a prisoner against a

---

[2] An offense under Section 49.04 . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted: two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . . TEX. PEN. CODE ANN. § 49.09(b) (West 2011).

[3] The initial indictment was defective because it alleged that Esthay had operated a "watercraft" while intoxicated, but an amended indictment, approved by Esthay, was later filed.

governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. These provisions apply to this *in forma pauperis* civil rights action. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The Court is authorized *sua sponte* to test whether the case is frivolous or malicious even before the service of process or before a defendant is required to file an answer. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (discussing the use of questionnaires to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d at 181-82 (discussing the use of an evidentiary hearing).

The Court has reviewed Esthay's arguments and assertions in his complaint, as supplemented by his testimony at the *Spears* hearing, to determine whether his allegations establish grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed. Courts liberally construe complaints filed by prisoners proceeding *pro se*. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Thus, based on the complaint and testimony at the evidentiary hearing, the Court will construe Esthay's complaint as a § 1983 action for unlawful arrest and malicious prosecution.

4

## III. DISCUSSION

A. Unlawful Arrest

"An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* (quoting *United States v. Levine*, 80 F.3d 129, 132 (5th Cir.1996)).

Esthay claims that he was unlawfully arrested because he was not operating a motor vehicle at the time of the initial contact. Instead, Esthay contends that he had voluntarily stopped his vehicle on the side of the road and commenced drinking alcoholic beverages. Esthay admits that he was intoxicated when Fiveash contacted him, but disputes the vehicle operation element of the offense. However, Fiveash's police report, attached to Esthay's proposed amended complaint, details his belief that Esthay was indeed the erratic driver that he had been dispatched to locate. (Doc. 16, p. 6).

Fiveash recounted how he was dispatched to the area near where Esthay was located in reference to an intoxicated driver in a small pickup truck. (Doc. 16, p. 6). Fiveash wrote that the reporting party relayed that the suspicious vehicle had come to a stop near Concho Propane, a business in the area. (Doc. 16, p. 6). Fiveash reported finding Esthay's parked vehicle in the same location. (Doc. 16, p. 6). He recalled seeing the beer box and open beer in plain sight upon approaching the vehicle. (Doc. 16, p. 6). Fiveash reported finding Esthay unconscious in the driver's seat and, upon waking, Esthay admitted driving the vehicle to its current location. (Doc. 16, p. 6). Fiveash reported that he witnessed physical signs of Esthay's intoxication so he requested three times that Esthay perform the standardized field sobriety tasks, but that Esthay

refused. (Doc. 16, p. 6). Fiveash reported that he arrested Esthay for DWI and booked him into the Tom Green County Jail. (Doc. 16, p. 7). This offense was a felony since Esthay had twice before been convicted of DWI in Texas.

At his *Spears* hearing, Esthay confirmed that he had been indicted prior to trial for this offense.[4] That means that an independent panel assessed the facts surrounding Esthay's arrest and determined that there was enough probable cause for his case to proceed to trial. In light of the foregoing information, the Court finds that Esthay was not unlawfully arrested because Fiveash had probable cause to believe that Esthay had been operating a motor vehicle while intoxicated. *See Flores*, 381 F.3d at 402. Furthermore, "[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quoting *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994)). Accordingly, Esthay's unlawful arrest claim against Deputy Fiveash and Sheriff David Jones should be dismissed as frivolous because the indictment "broke the chain of causation" effectively foreclosing this cause of action. *See Crenshaw v. City of Dall.*, No. 3:14-CV-2792-D, 2014 WL 6680736, at *4 (N.D. Tex. Nov. 25, 2014).

B. Malicious Prosecution

"The tort of malicious prosecution of criminal proceedings occurs when one citizen initiates or procures the initiation of criminal proceedings against an innocent person, for an improper purpose and *without probable cause* therefor, if the proceedings terminate favorably for the person thus prosecuted." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)

---

[4] Esthay included copies of the original and amended indictments with his proposed amended complaint. (Doc. 16).

(quoting Fowler v. Harper et al., The Law of Torts § 4.1 (3d ed.1996)) (emphasis added). The Fifth Circuit "has held that the federal Constitution does not include a 'freestanding' right to be free from malicious prosecution. Instead, it must be shown that the officials violated specific constitutional rights in connection with a 'malicious prosecution.'" *Deville v. Marcantel*, 567 F.3d at 169 (citing *Castellano*, 352 F.3d at 945). For example, "[t]he initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested . . . or other constitutionally secured rights if a case is further pursued." *Castellano*, 352 F.3d at 953.

In this case, Esthay claims that Tom Green County District Attorney Allison Palmer and Assistant District Attorney Leland Lacy wrongfully prosecuted him since he was not operating a motor vehicle while intoxicated and he was acquitted. However, Esthay is barred from bringing this malicious prosecution claim in the absence of an underlying constitutional violation. *See Deville*, 567 F.3d at 169. Esthay's Fourth Amendment unlawful arrest claim fails for the reasons previously stated and he does not list any additional constitutional violations that would support a malicious prosecution claim. As such, Esthay's attempt to assert a freestanding § 1983 malicious prosecution claim fails as a matter of law. *See Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812-13 (5th Cir. 2010).

## IV. CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that all claims in the above-styled law suit be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

Further, this Court **RECOMMENDS** that all pending motions be **DENIED** and any relief not expressly granted be **DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

DATED October 19, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**